United States District Court

For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

Northwest Administrators, Inc, et al.,                    No. C 06-4041 CW (JL)

          Plaintiffs,

      v.                                                                    REPORT & RECOMMENDATION

Event Production, Incorporated,

          Defendant.
_____/

## I.  INTRODUCTION

Plaintiff's motion for default judgement was referred by the district court (Hon. Claudia Wilken) for Report & Recommendation as provided by 28 U.S.C. section 636(b) and Civil Local Rule 72. The matter came on for evidentiary hearing before this Court. Michael G. Carroll, Erskine & Tulley, appeared for Plaintiff. There was no appearance for Defendant. The matter having been fully considered and good cause appearing, it is hereby recommended that judgment be entered for Plaintiff against Defendant in the amount of $2,063.78.

## II. PROCEDURAL BACKGROUND

In this ERISA collection action Plaintiff, NORTHWEST ADMINISTRATORS, INC., seeks to recover on Pension Account Number 314461 employee benefit contributions, liquidated damages and interest for the months of September 2006, November and December 2006 in the total amount of $4,402.01. Defendant, EVENT PRODUCTIONS

United States District Court
For the Northern District of California

1    INC., a California corporation, is an employer which is delinquent in its fringe benefit

2    contribution obligations.

3        Under the terms of the Trust Agreement a contribution is due not later than the 10th

4    day of the following month, Exhibit 3, Article IV, Section 1, page 6, and is delinquent if not

5    received by that date, Article IV, Section 3a.

6        The complete list of delinquent months and amounts is set forth in Exhibit 5 to the

7    Andrade Declaration. (See also Andrade Supplemental Declaration, filed March 20, 2007 at

8    Docket # 30). The amounts due have been computed based on the monthly reporting

9    forms previously filled out and submitted by Defendant. The amount changed between the

10   filing of Plaintiff's motion and the date of the hearing and Plaintiff updated the information

11   with the supplemental declaration.

12       Defendant made payment of the delinquent contributions and additional amounts

13   became due. Plaintiff calculates the total liquidated damages due for September 2006,

14   November 2006, December 2006 and January 2007 at $1,231.51. (Andrade Supplemental

15   Declaration at Ex. 7)

16       Liquidated damages were computed at 20% of the contribution amount as required

17   by Article IV, Section 3 of the Trustee Statement (Exhibit 3 to the Pentz Declaration).

18   Interest payments for November 2006 and January 2007 were also revised to reflect

19   interest due from the due date until the date payment was received. The total is $112.27.

20       Interest was computed in the manner set forth at Exhibit 3 of the Pentz Declaration.

21   Interest for each month at a rate of 8% was calculated at the rate of 8% from the due date

22   of the 10th of the month following the month the work was done to the payment date or to

23   April 4, 2007 (the hearing date) if the contributions remained unpaid as of the date of the

24   hearing).

25       The reporting form voluntarily submitted by Defendant to Plaintiff for January 2007

26   was attached to the Andrade Supplemental Declaration as Exhibit 8 and reflects the

27   amount in the contribution column of Exhibit 7 to the Andrade Supplemental Declaration.

28

1   Notice of delinquency is required, Exhibit 3, Article IV, Section 3(c), and has been

2   given at Exhibit 4 to the Pentz Declaration.

3   Under the terms of the Trust Agreement to which Defendant is specifically bound by

4   its contract, failure to make timely payment results in the following consequences:

5   A. Liquidated damages in an amount equal to 20% of the amount of contributions

6   due, Exhibit 3, Article IV, Section 3(b)(2)(B).

7   B. Interest at rates determined by formula, Exhibit 3, Article IV, Section 3(b)(1) and

8   Section 3(d).

9   C. Attorneys fees, Exhibit 3, Article IV, Section 3(b)(3).

10   III.  FACTUAL BACKGROUND

11   Defendant has entered into a collective bargaining agreement with Teamsters Local

12   Union No. 70 which requires that pension contributions be paid on behalf of covered

13   employees to the WESTERN CONFERENCE OF TEAMSTERS PENSION TRUST FUND,

14   Exhibit 1 to the Pentz Declaration. Defendant also executed an Employer-Union

15   Pension Certification, which is attached as Exhibit 2 to the Pentz Declaration. The contract

16   and certification remain in full force and effect and bind defendant to the terms and

17   conditions of the Agreement and Declaration of Trust, as amended, Exhibit 3 to the Pentz

18   Declaration.

19   IV.  SEPARATE STATEMENT OF UNDISPUTED FACTS

20   Every essential allegation of the complaint is proved by the affidavits submitted

21   herewith:

| COMPLAINT PARAGRAPH | COMPLAINT ALLEGATION | PROOF OF ALLEGATION |
| --- | --- | --- |
| 1 | Jurisdiction | Pentz Decl., 29 U.S.C. § 1132, 1145; 29 U.S.C. § 185(a); |
| 2 | Status of Plaintiff | Pentz Decl. |
| 4 | Defendant bound by contract | Pentz Decl. |

United States District Court

For the Northern District of California

| | | |
|---|---|---|
| | to pay contributions | |
| 5,6,7,9 | Defendant has failed to pay | Andrade Decl, |
| | contributions in a timely manner | Ex. 5; Pentz Decl. |
| 8 | Demand for payment has been made | Pentz Decl. |
| 11 | Contract documents provide for | Ex. 3, Art. |
| | attorneys fees | IV, § 3(b)(C) |

V. A. PLAINTIFF IS ENTITLED TO RECOVER LIQUIDATED DAMAGES AND ATTORNEYS FEES AS A MATTER OF LAW

An award of liquidated damages and attorneys' fees is mandatory under 29 U.S.C. § 1132(g). In his Declaration, Michael G. Carroll, counsel for Plaintiff, declares under oath that his client incurred costs of $525.00 in the prosecution of this action, which was paid by Defendant on November 14, 2007. His office commenced work on this case in May 2006 under the delinquency procedures established by the Trust Fund. This legal action was filed June 29, 2006, Defendant failed to appear and its default was entered October 10, 2006. The Court's jurisdiction is founded on 29 U.S.C. section 185(a) and 29 U.S.C. section 1132.

Defendant's original delinquency which covered the period March through July 2006 was paid. Defendant became delinquent again beginning the month of September 2006 and that delinquency was added to this case. (Pentz Decl., Ex. 4 - Delinquency Notices to Defendant dated May 11, 2006 and November 13, 2006).

Counsel expended in excess of 4 hours in the prosecution of this action, including preparation of the Motion for Entry of Default with Supporting Declaration; two ex parte applications with supporting declarations to continue the case management conference; and the motion for default judgment. Erskine & Tulley's billing rate in this matter is $180.00 per hour for a total of $720.00.

VI. CONCLUSION

Plaintiff is entitled to default judgment according to proof. Judgment should be entered for Plaintiff against Defendant in the amount of $2,063.78.

1  Respectfully submitted,

2  DATED: April 4,  2007

3

4  _____
   JAMES LARSON
5  Chief Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California